UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Abdul Wali | |
|     Petitioner, | Case No. 1:26cv145 |
|     v. | Judge Michael R. Barrett |
| Acting Director of Enforcement and Removal Operations, Detroit Field Office, Immigration and Customs Enforcement, *et. al.*, | **ORDER** |
|     Respondents. | |

Petitioner Abdul Wali brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] In order to preserve its jurisdiction, and pursuant to its authority under the All Writs Act, the Court **ORDERS** that Respondents shall neither remove Petitioner from this District nor allow him to be removed from this District unless or until the Court orders otherwise.[2] *See* 28 U.S.C. § 1651(a). This order should not be construed as an expression of the Court's views on the merits of this matter. *See Wheaton Coll. v. Burwell*, 573 U.S. 958, 959 (2014).

The Clerk is **DIRECTED** to immediately provide a copy of the petition and its accompanying papers, along with a copy of this order, by email to John J. Stark on behalf of the United States Attorney's Office for the Southern District of Ohio at

---

[1] According to public records and the petition (Doc. 1, PAGEID 2; Doc. 1-6, PAGEID #54), Petitioner is being held at the Butler County Jail on behalf of federal immigration authorities. Thus, the Court properly exercises jurisdiction over this matter. *See* 28 U.S.C. § 2241(c).

[2] The Court's directive applies with equal force to any individual, group, or entity working in concert with or on behalf of Respondents.

1

john.stark@usdoj.gov. The Clerk is **further DIRECTED** to promptly note proof of such service on the docket.

It is **further ORDERED** that Respondents shall file a response within five (5) days of the date of service. In preparing a response, Respondents shall address any issues of fact that must be resolved and report whether Petitioner was previously released or paroled into the United States by immigration officials.[3] If Petitioner was previously released or paroled into the United States, Respondents shall indicate the statutory basis for that release or parole in their response.[4] Failure to abide by the Court's instructions may result in a summary order granting the relief requested by Petitioner.

It is **further ORDERED** that, if Petitioner elects to file a reply, Petitioner may do so no later than five (5) days after service of a responsive filing. The Court will schedule a hearing, if necessary, after the parties have filed their respective submissions.

**IT IS SO ORDERED.**

  
Michael R. Barrett  
United States District Judge

---

[3] In lieu of a full response, Respondents may choose to file a submission indicating that no material factual differences exist here.

[4] In such a case, Respondents shall provide copies of the relevant documents that show the statutory basis for Petitioner's release or parole, as well as any conditions imposed upon Petitioner during that time. If Respondents are unable to provide these documents, they must provide a written explanation as to why they are unable to do so.