UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ABDUL WALI

    Petitioner,

v.

KEVIN RAYCRAFT, *in his official capacity as Acting Field Office Director of Enforcement and Removal Operations, Detroit Field Office, Immigration and Customs Enforcement*, et al.,

    Respondents.

Case No. 1:26-CV-145

Judge Michael R. Barrett

**OPINION & ORDER**

This matter is before the Court on Petitioner Abdul Wali's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Doc. 1). Respondents have filed a return and response in opposition, (Doc. 4), and Wali has filed a reply in support of his petition, (Doc. 5). The petition is now ripe for review.

**I.**    <u>**FACTUAL BACKGROUND**</u>

Petitioner, a citizen of Afghanistan, arrived in the United States on February 1, 2023, (Doc. 1, PageID 17), after having served as an interpreter for U.S. military forces in Afghanistan, (Doc. 5, PageID 88). He was issued a notice to appear for removal proceedings by the Department of Homeland Security ("DHS"), (*id.*), and subsequently released on his own recognizance, (Doc. 5, PageID 93). Petitioner applied for asylum and withholding of removal, and was scheduled for an individual hearing on that application on March 25, 2026. (Doc. 1, PageID 1).

1

On December 2, 2025, despite having lived in San Antonio, Texas, for more than two years, Petitioner received a letter instructing him to report to the Immigration and Customs Enforcement ("ICE") office in Westerville, Ohio. (Doc. 5, PageID 97). Petitioner arrived for the appointment on December 17 and was apprehended by ICE; he has remained in custody on behalf of ICE at the Butler County Jail since that time.

Although Petitioner asserted that he "is neither a flight risk nor a danger to the community because he has no criminal record and carries deep community ties," he was denied bond by an Immigration Judge ("IJ") on January 28. (Doc. 4, PageID 82). The IJ rested the decision on jurisdictional grounds. *See Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). The instant petition followed.

Petitioner contends that he is entitled to a constitutionally adequate custody redetermination hearing pursuant to 8 U.S.C. § 1226(a), which allows for release on parole or bond. He argues that he is a member of the "Bond Eligible Class" established in *Maldonado Bautista v. Santacruz*, ___ F.Supp.3d ___, No. 5:25-CV-1873, 2025 U.S. Dist. LEXIS 269220 (C.D. Cal. Dec. 18, 2025). Respondents counter that the declaratory judgment issued in *Maldonado Bautista* "is void with respect to petitioners and custodians outside the Central District of California because it was issued despite a palpable lack of jurisdiction," and urge that "the Court should not give preclusive effect to the declaratory judgment because it is on appeal." (Doc. 4, PageID 64).

2

## II. CONTROLLING LAW & ANALYSIS

Under 28 U.S.C. § 2241, district courts possess the authority to grant a writ of habeas corpus to any petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Relevant here, "[a]lthough the court may not review discretionary decisions made by immigration authorities, it may review immigration-related detentions to determine if they comport with the demands of the Constitution." *Deng Chol A. v. Barr*, 455 F.Supp.3d 896, 901 (D. Minn. 2020) (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)); *see Diaz-Calderon v. Barr*, 535 F.Supp.3d 669, 675 (E.D. Mich. 2020) ("It has been well-established for over 100 years that habeas corpus is the vehicle through which noncitizens may challenge the fact of their detention.").

### A. Statutory Application

Petitioner and Respondents largely focus their arguments on whether Petitioner is a member of the bond eligible class established in *Maldonado Bautista*, and, as a result, whether that decision entitles Petitioner to a custody redetermination hearing. But the Court need not address *Maldonado Bautista* or its possible preclusive effects when the Court itself has already independently analyzed and applied the controlling statutory authority. Thus, there is no danger of doing what Respondents characterize as relying on a "void" judgment and giving "preclusive effect to a declaratory judgment that is on appeal."

The undersigned acknowledges the split of authority on this issue in the Southern District of Ohio. *Compare, e.g.*, *Coronado v. Sec'y, Dep't of Homeland Sec.*,

3

No. 1:25-CV-831, 2025 U.S. Dist. LEXIS 258690 (S.D. Ohio Dec. 15, 2025), and *Sanogh v. Raycraft*, No. 1:25-CV-787, 2026 U.S. Dist. LEXIS 23233 (S.D. Ohio Feb. 4, 2026), *with Azalyar v. Raycraft*, ___ F.Supp.3d ___, No. 1:25-CV-916, 2026 U.S. Dist. LEXIS 3705 (S.D. Ohio Jan. 2, 2026), and *Ortiz Gutierrez v. Raycraft*, ___ F.Supp.3d ___, No. 1:26-CV-69, 2026 U.S. Dist. LEXIS 32801 (S.D. Ohio Feb. 18, 2026). To that end, Respondents' invocation of "controlling case precedent" is unavailing, particularly when the undersigned has joined "the overwhelming majority of fellow jurists from well over half of the federal judicial districts in the country" in concluding that "detention under § 1226(a) attaches where DHS encounters a noncitizen within the interior after admission or after a substantial period of continuous presence, whereas § 1225(b) applies only where the individual encountered is 'seeking admission' at the border or its functional equivalents." *Ortiz Gutierrez*, 2026 U.S. Dist. LEXIS 32801, at *7.

For the reasons elucidated by the Court in *Ortiz Gutierrez*, Petitioner's detention is governed by § 1226(a), and not § 1225(b). *Id.*, at *5-10. Neither the relevant caselaw, nor the applicable statutory framework, nor the accompanying regulations "give the government the authority and mandate to detain all noncitizens unlawfully present in the United States without bond." *Buenrostro-Mendez v. Bondi*, ___ F.4th ___, No. 25-20496, 2026 U.S. App. LEXIS 3899, at *40 (5th Cir. Feb. 6, 2026) (Douglas, J. dissenting).

### B. Due Process

Respondents argue that "to the extent that Petitioner raises due process concerns, these are without merit and should be dismissed," and claim further that "[a]s Petitioner is subject to *mandatory detention*, the proper test for whether his due process [rights] have been violated is pursuant to *Zadvydas* . . . and not *Mathews v. Eldridge* [424 U.S. 319 (1976)]." (Doc. 4, PageID 77). The Court disagrees, and as it has under substantially similar circumstances, reiterates that "non-punitive detention in the immigration context violates the Due Process Clause absent adequate procedural protections or a special justification outweighing a petitioner's liberty interest." *Azalyar*, 2026 U.S. Dist. LEXIS 3705, at *5 (cleaned up).

"The Due Process Clause extends to all persons regardless of status," including noncitizens, *Ariza v. Noem*, No. 4:25-CV-165, 2025 U.S. Dist. LEXIS 265012, at *28 (W.D. Ky. Dec. 23, 2025), and "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects," *Zadvydas v. Davis*, 533 U.S. at 690. The balance of factors weighs in Petitioner's favor; consequently, Petitioner's detention without a custody redetermination hearing is violative of his due process rights under the Fifth Amendment. *See Azalyar*, 2026 U.S. Dist. LEXIS 3705, at *4-12 (expanding upon and applying the *Mathews* factors); *see also Ortiz Gutierrez*, 2026 U.S. Dist. LEXIS 32801, at *9-11.

5

## III.     CONCLUSION

For the foregoing reasons, the Court finds that Petitioner's continued detention is unlawful in the absence of an individualized, constitutionally adequate custody redetermination hearing. The petition for a writ of habeas corpus, (Doc. 1), is therefore **GRANTED**.

**IT IS ORDERED** that, on or before March 2, 2026, at 5:00 p.m. EST, Respondents **shall** either (1) provide Petitioner with a bond hearing before an IJ, at which the government shall bear the burden of persuasion of justifying his continued detention[1]; or (2) immediately release Petitioner from custody.

**IT IS FURTHER ORDERED** that Respondents **shall** file a status report within five (5) business days of this order to certify compliance with the Court's ruling. The status report shall note whether and when a bond hearing was held, whether bond was granted or denied, and the reasons therefore.

**IT IS SO ORDERED.**

_____
Michael R. Barrett
United States District Judge

---

[1] Moreover, the IJ should be empowered to consider both "alternatives to detention" and Petitioner's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 U.S. Dist. LEXIS 204541, at *20 (S.D.N.Y. Oct. 16, 2025).

6